THE HONORABLE THOMAS S. ZILLY

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| AURELIA EMILY ALLBERT, Plaintiff, | IN ADMIRALTY |
| vs. | CASE NO.: 2:23-CV-00093-TSZ |
| HOLLAND AMERICA LINE, N.V., a Curacao corporation, FRISO KRAMER, LE ROUX VILJOEN, JIM MCPARLAND, AND CHRIS "DOE," | **DEFENDANT'S UNOPPOSED MOTION TO STAY CASE PENDING RULING ON DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |
| Defendants. | |
| | Note on Motion Calendar October 11, 2023 |

Defendant, HOLLAND AMERICA LINE, N.V., (hereafter "HAL"), by and through undersigned counsel, hereby moves to stay all deadlines. Defendant respectfully petitions the Court to enter an Order staying this matter until resolution of Defendant's Motion to Dismiss the Second Amended Complaint. The Parties have conferred, and Plaintiff does not oppose the relief sought[1].

## I. Introduction

Defendant requests a stay of all deadlines pending resolution of Defendant's Motion to Dismiss the Second Amended Complaint. Defendant maintains that the Cruise Contract at issue contains a valid arbitration provision which would require some of Plaintiff's claims to be compelled to arbitration. Defendant is not yet able to compel these claims to arbitration for the reasons raised by Defendant in its Motion to Dismiss the Second Amended Complaint and Reply in support of that motion. Additionally, Defendant is restrained in its ability to conduct full discovery by both the nature of the Second Amended Complaint (as discussed more thoroughly in Defendant's Motion to Dismiss) and because Defendant is precluded from commencing the extensive discovery necessary, as doing such may be viewed as an act inconsistent with invoking its right to arbitrate. Defendant is wary of conducting the extensive discovery necessary while simultaneously being unable to compel the claims to arbitration as conducting such discovery and delaying compelling a claim to arbitration have been found to be factors weighing in favor of waiver. *Martin v. Yasuda*, 829 F.3d 1118, 1127–28 (9th Cir. 2016).

## II. Procedural and Factual Background

Plaintiff filed her initial Complaint on January 21, 2023 in which she alleged multiple claims including breach of contract, negligence, unlawful imprisonment, conversion, assault and battery, and medical malpractice. Plaintiff alleges that she was assaulted numerous times, by multiple people, in several different locations, at different times. On February 13, 2023, Plaintiff filed her Amended Complaint, predicated upon the same claims. Defendant's Motion to Dismiss the Amended Complaint was fully briefed on April 7, 2023. On May 16, 2023, the Court issued its

---

[1] Plaintiff agrees to the stay sought as relief herein, Plaintiff nevertheless opposes the relief sought in Defendant's Motion to Dismiss the Second Amended Complaint.

Minute Order Setting Trial Date and Related Dates. The Order set November 27, 2023 as the deadline for both amending pleadings and disclosure of expert testimony. On June 20, 2023, the Court issued its Order granting in part Defendant's Motion to Dismiss. Plaintiff's Second Amended Complaint was filed on July 28, 2023. The Second Amended Complaint contained amended versions of the unlawful imprisonment and conversion causes of action despite those claims surviving Defendant's Motion to Dismiss the Amended Complaint. Defendant in turn promptly filed its Motion to Dismiss the Second Amended Complaint, which was fully briefed on September 7, 2023.

### III.  Memorandum of Law

"Federal district courts have the power to stay ongoing proceedings incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *See Nw. Coal. for Alternatives to Pesticides v. U.S. E.P.A.*, C10-1919Z, 2012 WL 2343279, at *3 (W.D. Wash. June 20, 2012) (internal citations omitted). In determining whether a stay is appropriate, the Court is to consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). The party seeking a discretionary stay bears the burden of proving that a stay is warranted. *See Clinton v. Jones*, 520 U.S. 681, 708, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997); *Nw. Coal. for Alternatives to Pesticides v. U.S. E.P.A.*, C10-1919Z, 2012 WL 2343279, at *3 (W.D. Wash. June 20, 2012).

Here there is no prejudice in granting a stay as it is not opposed, and good cause for granting of a stay exists for several reasons. Defendant is cognizant of the arbitration provision in the Cruise Contract which Defendant believes ultimately governs some of Plaintiff's claims, and does not want to take actions which may be viewed as an act inconsistent with invoking its right to arbitrate. As such, Defendant is prejudiced insomuch as the interwoven nature of the Second Amended Complaint would require discovery into areas that arguably should be compelled to arbitration –

where discovery would not be permitted.

Further, as raised by Defendant's Motion to Dismiss, Plaintiff's Second Amended Complaint fails to comply with the Court's Order by impermissibly adding four new Defendants while making no attempt to identify which, if any, of the Defendants are being called to answer for any of the five causes of action. As such, the bounds of claims and discovery are amorphous and Defendant HAL cannot know which claims are directed towards it, so as to be able to determine what if any experts are necessary to defend against the claims in advance of the November 27, 2023 deadline. Granting the stay would both alleviate the hardship and prejudice to Defendant while also promoting the orderly course of justice by determining which, if any, of the newly added Defendants have been properly added and which claims may proceed.

Additionally, and assuming waiver of the right to compel arbitration were not an issue, as pled the Second Amended Complaint's causes of action are not directed at any particular Defendant thereby obfuscating what claims Defendant HAL is called to defend against. Likewise, the causes of action themselves contain reference to additional theories of liability further frustrating Defendant's ability to adequately conduct discovery. As an example of the difficulty in understanding the bounds of discovery, Plaintiff's Response to Defendant's Motion to Dismiss asserts that within the cause of action for Assault and Battery there are "also claims [for] liability against the vessel captain," "either for failing to train and supervise defendants Doe and McParland properly or for negligence or a theory of strict liability." *See* Response (DE 26), p. 4. Granting a stay pending a ruling on Defendant's Motion to Dismiss would simplify the discovery in this matter and would avoid Defendant HAL from inadvertently waiving its right to compel arbitration by conducting extensive discovery on claims not directed at any Defendant. Moreso, the Court's order would either direct the causes of action towards particular Defendants, order them re-pled, or dismiss them with prejudice. Under any potential outcome to Defendant's Motion to Dismiss, simplification of the litigation would occur.

/ / /

/ / /

/ / /

### III. Conclusion

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion and issue an Order Staying this case pending a ruling on Defendant's Motion to Dismiss the Second Amended Complaint is issued.

DATED: October 11, 2023  MALTZMAN & PARTNERS

BY: *s/ Jeffrey B. Maltzman*
Jeffrey B. Maltzman, WSBA #52051 & CSBA #131758
MALTZMAN & PARTNERS, P.A.
Physical Address:   506 Second Avenue, Suite 1400
                    Seattle, WA 98104
**Mailing Address:  55 Miracle Mile, Suite 300
                    Coral Gables, FL 33134**
Telephone: (305) 779-5665
jeffreym@maltzmanpartners.com
Attorney for Defendant,
HOLLAND AMERICA LINE N.V.